, . , . Good afternoon, the clerk informs us that council are ready in the one case that we're hearing this afternoon, which is Mr. Harbin. Thank you. Good afternoon, your honors. May it please the court. My name is Dorothy Spenner. I'm with the law firm of Sidley Austin, and I represent the petitioner Mr Harbin, who is in the courtroom with us today. Mr Harbin has been in this country for 40 years as a lawful permanent resident. While there's no question that he is deportable, he has only one felony conviction for a very minor role in a drug offense, which has barred him from the opportunity to apply for discretionary relief. So although this appeal is extremely important to Mr Harbin, it is important to note that it impacts very few cases. There are 40 New York controlled substance offenses, but only three lower level offenses use the identifying the particular substances in the statute. There are two issues in this appeal. First, whether Mr Harbin's conviction under New York Penal Law 220.31 constitutes a drug trafficking aggravated felony. And second, whether the immigration judges and BIA's denial of Mr Harbin's withholding and convention against torture claims misapplied the law or denied due process. So it turns out we have to decide whether it's divisible or not. It is. That's the core dispute in this case. The government concedes that 220.31 sweeps more broadly than the Federal statute, and that if that statute is not divisible, then the categorical approach applies. Under the Supreme Court's and this circuit's precedent, 220.31 is clearly not divisible. The Supreme Court, as we all know, looks to whether the alternative items in the statute, here the identity of the controlled substance, are means or elements. If and only if they are elements, the modified categorical approach comes in. And that's because it's a tool that allows the court to implement the categorical approach so that you can compare the right state crime to the Federal crime. And this circuit has applied the modified categorical approach in very, very limited cases. As explained in Beardsley and in the Barker case, only to situations where the statute described qualifying and non-qualifying offenses in distinct subsections. That's not the case here at all. Scalia. Archer is the case on which you particularly rely, right? Yes, but there's an entire body of New York law that makes clear that the identity of the substance are means and not elements. Then why rely on Archer if there's so many others? We rely on Archer primarily because it addressed, it is the one decision that addresses the exact question. In that situation, you had a motion to dismiss that was denied because the lab report was for a different drug than in the information. And the trial court specifically held that the type of the controlled substance possessed is not an element of 220.03, which is a very similar statute with a reference to a generic controlled substance. But how do you know the difference between means and element? You look at whether the jury needed to find something uniformly in a New York state unanimously in order to convict. That's something that is fundamental. That's something that's an element. Something that's a means, though, is merely a fact. It's a brute fact. And as this circuit held in the Kozeny case, a brute fact is by definition not an element. So there are appellate decisions, too, that all uniformly in New York treat the substance or means and not an element. There are two types of cases primarily. There are cases where multiple substances are at issue and the courts find that there's a single count or only one offense. Well, that would only make sense if the particular drug is a brute fact or a means and not an element itself. That's the first department's held that repeatedly. There are also a line of cases where changing the substance doesn't change the prosecution. Second department has held that. The first department has held that. And in those cases, for example, the government could amend an indictment to read a quantity of a particular substance instead of another. So that goes to show you that substituting the particular drug in didn't make a difference because the element is the controlled substance. The element isn't a particular drug. Do you have 220.13 from the California statute that the court interpreted in Coronado? I do. I do think it's a very different statute. In Coronado, well, there were two main differences. First of all, the statute itself listed alternative elements in five separate groups. And so it's distinguishable on its face from the statute that's at issue here. The other difference is that the court in Coronado found that California law, very unlike New York law in this situation, said that the identity of the particular drug was an element. The New York law doesn't say that at all. And, in fact, the What about the pattern jury instructions? The jury instructions shouldn't control here. I mean, first of all, what the government says about the jury instructions is that the jury has to find the specific controlled substance. But the pattern jury instructions really don't say that at all. They're not specific as to any controlled substance. The jury just needs to find that it is a controlled substance, not a specific one. And so when you look at the jury instructions, the fact that it clearly says the controlled substance is the element, it starts with the lead-in to controlled substance, and then there's a series of blanks where you can specify for the benefit of the defendant, for the benefit of the jury, who obviously needs to, you know, assess facts in connection with meeting an element, you can specify there what the controlled substance is alleged to be or is at issue in the case. But just because New York pattern jury instructions allow you to put facts into them does not make the fact of which particular controlled substance was at issue. It doesn't render it an element. And there's also a body of New York... Why don't we pause there just a moment? Sure. Are you suggesting that New York juries are not required to identify and agree upon the controlled substance to render a conviction under 2220.31? I believe that New York juries need to agree that there was a controlled substance. If jurors... Not the controlled substance. Not the controlled substance. If jurors disagree as to what substance was there... Why then do we have a kind of blank there in the instruction that suggests you have to fill in the blank? Tell us what the... I think that's for the benefit of the jury and for the benefit of the defendant in terms of the duplicity case law that is out there. Again, it's because... It says sold, parentheses, specify, paren. That's the model jury instruction in New York State. What do they mean by the word specify? I think they mean that you can insert the fact so that the jury... I mean, keep in mind that as... The fact is sold, S-O-L-D. That's the fact. Then parentheses, specify, parentheses. I think specify means to specify the brute fact meaning the substance that's at issue in the case. And if there were multiple substances in the case... So give me an example of how a judge using the model jury instruction would deal with this particular clause. I'm not sure I know which particular clause, but... Sold. Sorry. If you look at the jury instruction, one, that on or about paren date. So you say on or about January 3, 2016, in the county of blank, and you put in the county of New York, the defendant, Mr. Harbin, sold. Sold what? I think in any given case, that could be filled in with the alleged fact, the alleged substance in the case. Right. It could also be filled in with the term again, a controlled substance, because the schedule of all the controlled substances has been provided. But it's important to know that the New York law has developed in a way that uniformly treats the identity... Of the controlled substance as a fact or a means. For example, there's the People v. Blake case. When the substances were altered, the element didn't change. So really, the specifying of a fact in a jury instruction doesn't go towards the issue of whether it's an element or means. The People v. Hopson case, the defendant was found guilty where heroin was alleged, but the lab result was cocaine. And it's important to know that in our case, in particular, Mr. Harbin pled to a lesser included offense than the original offense he was charged with. So there are no jury instructions in our case. And certainly, under the Mathis and that line of cases, if there's any disagreement or lack of clarity about what the New York law holds, then it's the government that has not met their burden to show that the crime here is an aggravated felony. Why would we look at the PJI if the statute is not ambiguous anyway? Why would we turn to this outside source, which is not law, if the statute says clearly what it says? Well, I think the statute is clearly what it says. And it is very clear to me that the controlled substance is absolutely the element. And it's actually on all fours with the Mathis case, where you had a generic element of a location in the statute, and you had a definitional portion of the statute that listed a number of items, and the Supreme Court very recently held that those items, just because you list them in a definitional provision of a statute akin to our situation here, that that does not make them elements. Those remain means or brute facts in line with this Court's cases and Supreme Court precedent. But Mathis, of course, explicitly allows us to consider the jury instruction to determine divisibility, right? If they speak to the issue. I think in New York, the pattern jury instructions don't speak to the issue. And that Mathis also instructs the court to look at the law of the state. And that includes, obviously, all of the law, the appellate division decisions that I've outlined. And important in this state is that under the New York Court of Appeals decision in Peeple v. Turner, the appellate division decisions are binding and the law of the state, unless or until a conflicting opinion from the Court of Appeals or the appellate division in question has come down. And there is none. Thank you. I see that. You've gotten some extra time, but we're happy to have given you that extra time. You've reserved two minutes. Thank you, Your Honors. Ms. Corliss. Can I proceed? Go ahead. Good afternoon. May it please the Court, Lindsay Corliss for the respondent. We would respectfully ask that this Court dismiss the petition for review in part and deny the petition for review in part. Petitioner in this case was convicted of an aggravated felony. Specifically, he was convicted under New York Penal Law, Section 220.31, which criminalizes the knowing and unlawful sale of a controlled substance. Now, the term controlled substance is defined through a disjunctive list of different particular substances. And to use the language of DeCamp, what those different particular substances do is create a list of predicate and non-predicate offenses, the predicate offenses being the offenses that have counterparts in the federal statute. It's actually not disjunctive like the California statute is. It says any substance listed in Schedule 1, 2, 3, 4, or 5 of Section 306 of the public health law. That's not the same as the California statute, which lays out specifically in separate sections the specification. Go ahead. That's correct. I'm not sure that that necessarily is a distinguishing point that means that these cases can't be analogous. But they're not disjunctive in New York. The list is not disjunctive as it is in California. Well, the list does list. Once you get to the schedule after the one that they're cross-referencing, then it does list the individual particular controlled substances. So at that point, so Mathis, there is precedent for seeing a sort of disjunctive list like this. What is a disjunctive list? It's a list that... Conjunctive list. I mean, I would assume that would perhaps be another way to consider. It's a list that is providing particular, where you can take it apart, essentially. Take it apart into a list of offenses, predicate offenses and non-predicate offenses. For instance, in Mathis, the Iowa burglary statute... What here makes this list disjunctive? It's a long list of controlled substances, and any one of which tracks back to 220.31. Right. That's correct. So what makes it a disjunctive list is that each one of those particular substances constitutes a separate crime. So if you were to follow, you know, it says the knowing and unlawful sale of a controlled substance, and then you have to know exactly which controlled substance the defendant knowingly and unlawfully sold. I'm begging the question, because you said you're, in fact, saying just because it's on the list, it's ipso facto an element. I'm not sure how I go that far. I wouldn't say that just because there's a list that it's an element. I think that we do have to follow Mathis and see whether or not the jury needed to unanimously find that a particular item in that list was, they must unanimously agree upon it. Also, the prosecution is required to prove it in order to sustain a conviction. Also, if a defendant does plead out under that particular statute, that the defendant must necessarily admit that fact. That is what makes it an element, not merely just because it's a disjunctive list. Mathis tells us that we need to go farther than that, because it could have just been describing means. If a defendant were pleading guilty and during the plea allocution said, I plead guilty to possessing a controlled substance, would that allocution be adequate? I could not find and Petitioner has not identified a single time that in New York where that has occurred, where a defendant pled guilty and did not specify the particular controlled substance. Now, that's where Mathis is saying, we need to look at whether or not- I'm not asking about cases, I just ask hypothetically. Hypothetically, it seems as though that would be insufficient. The reason why I'd say- On. Well, one reason would be the loss of duplicitous charging in New York. In order for a defendant to know which particular act of possession or sale he is shielded from re-prosecution upon, he needs to specify the exact particular controlled substance that is at issue. The Butler case really discusses this in depth and why it's so important that the particular type of controlled substance be identified. That's one reason why the defendant could not plead guilty without specifying the type of controlled substance that he- Are you familiar with People v. Miller? Yes. When the appellate division said the defendant was convicted of possession on two counts because he had one bag that contained both cocaine and heroin?  And they said it can't be two counts? Yes, I'm aware of Miller. So both Miller and Maldonado, which is the other case that Petitioner cites in his brief addressing the point that you're making, they both cite to a case called- I'm sorry. Don't worry. I'm sorry.  They both cite to Martin. And Martin is a case where first the prosecution actually conceded that they shouldn't have been put in two counts. So it wasn't actually addressed by the Martin- The law of duplicity was never actually addressed by the Martin Court. Now Butler, in that decision, which is a Supreme Court decision, and so it was a lower trial court in New York, what they did is that they really criticized the Martin decision and said, we see no reason to extend this beyond New York Penal Law section 220.161, and also that they don't find it controlling because they didn't discuss the laws of duplicitous charging. So when the New York criminal courts are actually working within the rules and discussing them and coming to an actual holding, rather than just having the prosecutor concede an issue, then what they're finding is that the actual particular controlled substance needs to be identified. Other ways in which the New York criminal courts are clearly demonstrating that they consider this to be an element in practice comes from the way that an information must be supported. Section 100.15 of the New York Criminal Procedure Law states that the factual part of an information may be based upon the personal knowledge of the complainant or upon information and belief. However, every element of the offense charged and of the defendant's commission thereof must be supported by non-hearsay evidence. And we have several cases, including Kalin, Brandon A., even Archer itself, which actually discusses what constitutes a non-hearsay evidence of the particular type of controlled substance. Now, when several courts are grappling with whether or not the lab report is the only thing that can be considered non-hearsay evidence or whether or not we can consider other things to be non-hearsay evidence, that indicates that they're showing that in practice they see this as an element of the crime. I'd also like to state that if you find... Help me with this. The problem that I'm having with your approach is that under your approach to determine which is categorical and which is not, you really have to get into the weeds of state procedural practice and custom and practicality and so forth. I mean, it seems unworkable. I mean, I thought what the Supreme Court was telling us to do was simply first take a really hard look at the statute. And this statute seems to say, you know, you're guilty of this level felony if you possess a controlled substance, and then it lists all these controlled substances. So I agree with you, however, that it does seem to complicate the issue. I will say that the Supreme Court in Mathis made it clear that they expect that the lower... going to have a disjunctive list or not and whether they're elements. You know, if I look to the jury instructions, it looks like it's an element. But, you know, on the federal level, one of our late, very distinguished colleagues across the street wrote the jury instructions.  And I assume the same thing. I don't know where state instructions come from, but it seems to me whatever they are, they're different from some enactment that the, you know, Albany legislature has passed. I would agree with that. Do you mind if I... I'm actually out of time. So if you... First, Mathis does tell us that we can look to the jury instructions, and what they really are getting at is whether or not the state courts are treating this in practice as something that the jury has to be unanimous about. And so, therefore, the jury instructions are giving us a hint as to... Do we have a court of appeals or an appellate? No, we do not. We do not have anything directly on point. However, one other thing that I would like to mention and make sure it's said, that Mathis tells us that if you find that the state law or authoritative state law sources are inconclusive regarding the issue, at that point you can then look at the record of conviction, the Taylor-Shepard documents. And in this case, once you... If you were to find that it's inconclusive as to whether or not the state is treating this as an element from the means, if you look at his certificate of disposition, it clearly states that the drug in question that he was selling was cocaine. But that doesn't tell us whether it's an element or not. Well, he pled to this, and he necessarily admitted it when he made that pleading. And Mathis does tell us that if... That's putting the cart before the horse. We don't go down that road unless we decide whether it's divisible or not. And once again, I would just state that the Supreme Court expects the courts to look to the definitions and see if there is an exhaustive list, not just an illustrative list. There's no way to be charged for violating a controlled substance statute for a drug that's not specifically listed. It's not analogous to, say, the Fourth Circuit recently decided a case regarding sex abuse of a minor. There might be things beyond the illustrative list that could have qualified there. That's not the case with this. So... All these controlled substances carry the same penalty. Yes, they do, under this statute. But if you look at different sections of the state penal law, you see substantial differences. This is true, yes. Okay. If I see that, I do not have any more time left. Do you want to wrap up? Okay. Well, then I will very quickly... You have the same amount of time as opposing counsel. Okay. I will very quickly then just address the remaining cat and withholding items. Regardless of how this court finds regarding Petitioner's aggravated felony, he was removable as an alien who was convicted of two or more crimes involving moral turpitude not arising out of the same scheme. That means that this court's jurisdiction is limited only to constitutional claims and legal claims. Here, Petitioner makes two claims regarding his cat and withholding applications, and both of them are actually factual claims. The first, they claim that... Or illusory. The first, they claim that the board erred by bifurcating his particular social group. If you look at the board's decision, they assumed his social group, and then they went forward and made the factual finding, and Huang states that the probability of a future event occurring is a factual finding. So they went ahead and made the factual finding that there wasn't a probability of these events occurring. And second, Petitioner... Let me say this. Yes. I admit I possessed a controlled substance, but I deny that it was heroin, as the government alleged. But no question about it, I unlawfully possessed a controlled substance knowingly. I'm glad you asked. There are two cases on point there, both Cardinal and Kerlock. This is not a case. Could a judge accept that allocution? It appears that he could not, based on Kerlock and Cardinal. In both those cases, Petitioner stated that the drug that he had possessed was... He believed that it had been mescaline, and it turns out that it was LSD. The fact that mescaline is also a controlled substance didn't... It was still a defense. Is this a New York schedule? Yes, they are. So the court found that there was not a knowing possession of LSD, because the defendants had believed that they had possessed mescaline. So to answer your question through those examples... But this has not been treated at the New York Court of Appeals level. No, it has not. It has not. Okay. Thank you very much. All right, thank you. Important to keep in mind here, Your Honors, that under New York State criminal procedure law, you must have both elements and facts to support those elements. That's for the protection of the defendant. That's for the protection of all parties. And whether you plead facts to survive dismissal or for purposes of double jeopardy, which is what the cases that the government relies upon are about, is a totally different inquiry and does not go to the means versus elements question at all. And, in fact, if you look at the Kalin case in particular, which is, I would say, the primary case that the government relies on, it says, and I quote, the element is the controlled substance. That, to the extent it speaks to anything, it speaks to that issue. What court is that? That was a New York trial court, I believe. Also critical under Mathis, the sentence does not change in New York depending on what controlled substance is at issue. And when you deal with the jury instructions or a certificate of disposition, there's a Ninth Circuit case that makes clear, it's the Chavez-Solis case, that just because a fact or a means is inserted into a parenthetical or into a blank doesn't render it an element. The critical question is, is it a means or an element? It's important. Can anybody other than a legislature create an element of an offense? No. It's the legislature that makes the laws, and those who make the laws certainly decide whether something is a means or an element. Now, courts can interpret that issue, and if you look at the body of New York law here, I think courts uniformly treat the particular controlled substance for purposes of our statute and the other two similar statutes as a means and not an element. Now, I take your argument to be that the prosecutor has to put a fact in evidence, but that's not determinative of the elements of the offense. Is that correct? That's exactly correct. I mean, certainly the legislature knows when to make a particular drug an element of an offense. But elements is sort of a judge-made construct. Any element needs to be supported by facts. Here you have a body of New York law that shows that you can substitute in a drug at a different stage of the case, and the element remains the same. It's the controlled substance. The element in that case is the controlled substance. Exactly right. And it is really on all fours with the Mathis case. You don't. Those are the cases like the Hopson case that I mentioned. You don't need to go back. You can substitute it in. When you say you can, how does it get substituted in? Well, there are cases that we cited where you don't need to go back and amend a complaint. You don't need to amend an information if you change a fact. Not an element. Exactly. If you were going to, for example, have a totally different crime that was an issue, you would, of course, need to go back and amend your papers because the element might not be controlled substance. It might be, for example, narcotics, and you would have to go back and possibly amend your papers. But if you have one of the controlled substances on the schedule and it's actually another, you don't need to go back and start over. That's what the New York law tells us. Before you sit down, I know you touched on this again, but I want to be sure I'm clear. Under the applicable law, whose burden is it to show that a statute is divisible? Well, Taylor, the Supreme Court's decision in Taylor, demands certainty. And it demands certainty when you're dealing with someone qualifying as an aggravated felony. It's the government's burden to meet Taylor's demand for certainty that the crime qualifies as an aggravated felony. So to the extent there's a lack of clarity here, again, it's the government that has not met its burden, and the result should be that it's not an aggravated felony under the principles in Mathis. I would just, if I may, add one last point, which is it's the government's position here that will truly open the floodgates. If the result here is that the drug, the particular drug at issue, under 220.31, is an element, then it's going to be harder to convict people under that statute. Defendants could dispute... I'm sorry, go ahead. I think defendants could dispute charges by saying I had a different drug or I thought I had cocaine and it was in heroin and you've alleged heroin, you haven't met your element. If every single drug were an element of that offence, I think it would truly open the floodgates to further issues. But our decision on that question would not have anything to do with the floodgates of state criminal law adjudications. I mean, that determination is made by the New York Court of Appeals. That is, they don't have... We're not an authoritative... ...these interstitial legal questions of New York law. So it's not opening any floodgates. You began by telling us quite the opposite, that this is a very narrow case and involves a very unusual circumstance. Now you're telling us that it may involve floodgates. No, I understand your point and certainly this court would not be speaking to, you know, New York criminal procedures. But it wouldn't have any such effect, right? I don't believe it would have that kind of an effect in the way that you're expressing it, Your Honour. Well, how do you mean, floodgates? No, I just meant that I think if... I think it would be a marked change of New York precedent, in a sense, to find that particular drugs that have been treated throughout the New York courts and throughout New York law as brute facts or means to call those an element for the first time. I think that would be a landmark and may lead to other issues. Thanks very much. Thank you, Your Honour. We'll reserve the decision and we are adjourned. Court is adjourned.